UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:04CR-90-H

JEREME TAYLOR                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

**MEMORANDUM AND ORDER**

Movant Jereme Taylor filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 46). The motion is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the motion appears to be barred by the applicable statute of limitations, the Court will direct Taylor to show cause why his motion should not be denied as untimely.

**I.**

After entering a guilty plea, Taylor was convicted on June 24, 2005, to four counts—conspiracy to possess with intent to distribute 300 grams or more of cocaine (Count 1); possession with intent to distribute 300 grams or more of cocaine (Count 2); being a felon in possession of a firearm (Count 3); and possession of a firearm in furtherance of a drug trafficking crime (Count 4). He was sentenced to 156 months imprisonment, to be served concurrently on Counts 1, 2, and 4, and 60 months on Count 3, to be served consecutively with the sentences on Counts 1, 2, and 4, for a total sentence of 216 months. Taylor's sentence included an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c)(1)(A). In the plea agreement, the United States and Taylor agreed that "the defendant's prior convictions for Robbery in the Second Degree (two counts) and Burglary in the First Degree (two counts) make

him an Armed Career Criminal subject to a mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e)."

Also as part of the plea agreement, Taylor waived his right to appeal or collaterally attack his conviction and sentence. However, Taylor appealed his conviction to the Sixth Circuit Court of Appeals, which affirmed on April 20, 2006. He filed the instant § 2255 motion on February 13, 2014.[1]

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

"When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

2

certiorari petition is filed." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). Thus, Taylor's conviction became final ninety days after April 20, 2006, or on July 19, 2006. Taylor, therefore, had until July 19, 2007, to file his § 2255 motion. Accordingly, Taylor's motion was filed over six and a half years after the statute of limitations expired. Under § 2255(f), therefore, Taylor's motion appears to be time-barred and subject to summary dismissal.

Taylor states that he "seeks the benefit of the date of" the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013), "because it was not until that date that he learned that the Supreme Court determined the divisible statute meaning for those convicted with state crimes with multiple elements that were used for federal sentencing enhancement which is retroactive to cases on collateral review." Taylor argues that under *Descamps*, his prior state convictions for robbery should not have been used to enhance his sentence under the ACCA. Taylor contends that because he "filed his § 2255 petition within a reasonable period after the *Descamps* Supreme Court's decision, this court should hold that it is timely filed."

Taylor's attempt to invoke § 2255(f)(3), arguing that *Descamps* created a new rule of law and applies retroactively to cases on collateral review, fails. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Descamps* that it intended its holding to be applied retroactively to cases on collateral review. *See United States v. Patrick*, No. 6:14-7357-DCR, 2014 U.S. Dist. LEXIS 90097, at *1 (E.D. Ky. July 2, 2014) ("There is no indication in *Descamps* that the Supreme Court intended for its ruling to be applied retroactively to cases on collateral review."); *Hoskins v. Coakley*, No. 4: 13 CV 1632,

2014 U.S. Dist. LEXIS 7671, at *8-14 (N.D. Ohio Jan. 22, 2014) (*Descamps* does not apply retroactively); *Shelton v. United States*, No. 1:13-cv-340, 2014 U.S. Dist. LEXIS 14009, at *7-9 (E.D. Tenn. Feb. 5, 2014) ("In the absence of any Supreme Court or Sixth Circuit decision concluding that *Descamps* is retroactively applicable to cases on collateral review, the Court declines to find that any rule that may have been established in this case constitutes a new right which applies retroactively to this § 2255 motion."); *Jenkins v. United States*, No. 1:08-CR-209-CC-JSA-1, 2014 U.S. Dist. LEXIS 88795, at *3 (N.D. Ga. June 26, 2014) (*Descamps* does not apply retroactively and is not grounds for invoking § 2255(f)(3))*; Lee v. United States*, No. C12-0075-LRR, 2014 U.S. Dist. LEXIS 54053, *6 (N.D. Iowa Apr. 18, 2014) (same).

Therefore, Taylor's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Taylor has not alleged facts in his motion which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he

4

is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Before dismissing the motion as time-barred, the Court will provide Taylor with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Taylor must **SHOW CAUSE** why the § 2255 motion to vacate, set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Taylor is **WARNED** that failure to respond within the time allotted **will result in denial of the motion** for the reasons set forth herein.

Date:


cc: Movant/Defendant Jereme Taylor, *pro se*
United States Attorney
4412.010