# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JEREME TAYLOR,                   *
                                         Crim. No. 3:04-CR-090-H
        Petitioner-Defendant,    *       Civil No. 3:14-CV-140-H

v.                               *       Hon. Charles R. Simpson, III,
                                         Senior United States District Judge

UNITED STATES OF AMERICA,        *

        Respondent-Plaintiff     *

## PETITIONER'S SUPPLEMENT TO PENDING
## MOTION TO VACATE SENTENCE  UNDER 28 U.S.C. § 2255

COMES NOW, Jereme Taylor, the Petitioner herein, through counsel, and

provides the following supplement in support of Petitioner's *pro se,* Motion to

Vacate.

## I.      Supplemental Statement of Case and Facts

On March 15, 2015, Mr. Taylor entered a plea agreement with the

Government and pleaded guilty to a four count federal indictment charging him

with conspiracy to distribute 300 grams or more of cocaine, in violation of 21

U.S.C. § 846;  possession of 300 grams or more of cocaine, in violation of 21

U.S.C. § 841(b)(1)(C); felon in possession of a firearm in violation of 18 U.S.C. §

922(g); and possession of a firearm in furtherance of a drug trafficking crime, in

1

violation of 18 U.S.C. § 924(c). R. 25, Plea Agereement.  He was sentenced as an armed career criminal[1] under 18 U.S.C. § 924(e), to a total term of 216 months imprisonment in June 24, 2005. R. 28. Judgment.

Mr. Taylor did not appeal his conviction or sentence.  But, on February 20, 2014, Taylor, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 attacking his sentence. (Doc. 46, § 2255 Motion).  The substance of his motion argues that new Supreme Court precedent in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), demonstrates Mr. Taylor did not have the predicate violent felony convictions necessary to trigger the mandatory enhanced minimum and maximum penalties under the Armed Career Criminal Act (ACCA).  Thus, Taylor requested that the district court "resentence petitioner without being an Armed Career Criminal." Doc. 46, § 2255 Motion at 18; Page ID# 225.

Prior to counsel entering an appearance in this case, the government filed its response in opposition to Taylor's *pro se*, § 2255 motion (Doc. 57, Govt. Response), and Taylor filed a *pro se* reply to the government's response (Doc. 58, *Pro Se* Reply).

Undersigned counsel, Matthew M. Robinson, entered an appearance on

---

[1]Mr. Taylor also received a "Career Offender" enhancement under U.S.S.G. § 4B1.1.

behalf of Mr. Taylor on April 28, 2015.  Until now, Taylor has proceeded without the assistance or advice of counsel. Although his *pro se* arguments are not artful, Taylor did the best he could to preserved his constitutional claims for relief. Taylor's *pro se* argument relies heavily on the recent Supreme Court decision in Descamps, and he continues to stand by his *pro se* argument that he does not qualify as an Armed Career Criminal.  Therefore, his sentence of imprisonment on Count 3 of the Indictment is in excess of the statutory maximum permitted under 18 U.S.C. § 922(g).

Taylor, now represented by counsel, seeks to supplement his previous arguments with relevant legal authority and argument necessary for this matter to be appropriately resolved.  Taylor's supplemental arguments are provided below for this Court's consideration.

## II      Petitioner's Supplemental Arguments

### A.      Procedural Default in this Case, If Any, Should Be Excused by this Court Because Taylor's Sentence Is in Excess of the Statutory Maximum.

As a general matter, Mr. Taylor has argued that he does not qualify for the increased statutory punishment under the Armed Career Criminal Act (ACCA) because he has not been convicted of three violent felonies under 18 U.S.C. § 924(e)(B)(2). Therefore, any sentence above 120 months for the § 922(g) offense

is above the statutory maximum and must be vacated.

Relevant cases addressing enhancements under the ACCA contain statements that generally support the idea that a defendant may be "actually innocent," thus excusing a procedural default, if a sentencing error resulted in the defendant receiving a sentence above the statutory maximum for the defendant's offense of conviction. See, <u>Spencer v. United States</u>, 773 F.3d 1132, 1139 (11th Cir. 2014)(framing scope of procedural default in terms of whether prisoner was "sentenced below the statutory maximum"); <u>Whiteside v. United States</u>, 748 F.3d 541, 557--60 (4th Cir. 2014) (Wilkinson, J., dissenting) (suggesting differences between cases involving claims of federal constitutional error and errors of federal law and cases involving "advisory Guidelines determinations"), rev'd en banc, 775 F.3d 180 (4th Cir. 2014); <u>Sun Bear v. United States</u>, 644 F.3d 700, 705 (8th Cir. 2011) ("'[A] sentence is not illegal . . . unless it exceeds the statutory maximum for the offense of conviction.'" (quoting <u>United States v. Stobaugh</u>, 420 F.3d 796, 804 (8th Cir. 2005)); <u>Hawkins v. United States</u>, 706 F.3d 820, 822-24 (7th Cir. 2013)(framing scope of procedural default in terms of whether error results in a "sentence that exceeds the statutory maximum sentence").

Cases reason that where "[a] sentence … violates a statute"—such as where a defendant receives a sentence that exceeds the statutory maximum for his

offense of conviction—this "could well be thought an error grave enough to warrant relief … a 'fundamental error equivalent to actual innocence.'" Brown v. Rios, 696 F.3d 638, 641 (7th Cir. 2012)(internal citation omitted)("A sentence that violates a statute, as distinct from a sentence permitted by a statute though more severe than authorized by the guidelines, could well be thought an error grave enough to warrant relief in a habeas corpus proceeding---a 'fundamental error equivalent to actual innocence,' . . . ." (internal citation omitted)). See also, Sun Bear, 644 F.3d at 705; Brown, 696 F.3d at 641

This would be the case for §922(g) offenders, like Mr. Taylor, who can demonstrate that new Supreme Court precedent, such as the decision in Descamps v. United States, 133 S.Ct. 2276 (2013), demonstrates that the ACCA enhancement was improperly applied resulting in a sentence that is above the statutory maximum.  Accordingly, because Taylor is "actually innocent" of being an Armed Career Criminal a manifest injustice will result if this Court does not step in to correct the error.  Thus, Taylor's arguments should be addressed by this Court, despite the fact he is raising them for the first time in the instant § 2255 motion.

5

**B.      New Supreme Court Precedent Holding that the Residual Clause
Under the Armed Career Criminal Act is Void for Vagueness
Also Requires that Taylor's Sentence Be Vacated.**

Under the Armed Career Criminal Act (ACCA), a person convicted of being

a felon in possession of a firearm under 18 U.S.C. § 922(g), with three previous

convictions under § 922(g)(1) for violent felonies, shall serve a minimum

fifteen-year sentence. 18 U.S.C. § 924(e)(1) (2012).  The term "violent felony" is

defined as:

> any crime punishable by imprisonment for a term exceeding one year
> . . . that (i) has as an element the use, attempted use, or threatened use
> of physical force against the person of another; or (ii) is burglary,
> arson, or extortion, involves use of explosives, or otherwise involves
> conduct that presents a serious potential risk of physical injury to
> another.

Id. § 924(e)(2)(B).  Accordingly, the statute provides for three ways in which a

crime may qualify as a violent felony: (1) as an enumerated offense (burglary,

arson, extortion, use of explosives); (2) under the "use of physical force" clause, §

924(e)(2)(B)(i); or (3) under the "otherwise," or "residual", clause, §

924(e)(2)(B)(ii). United States v. McMurray, 653 F.3d 367, 373 (6th Cir. 2011).

The Supreme Court in Johnson v. United States, 2015 U.S.LEXIS 4251

(June 26, 2015), eliminated one of these three prongs when it found that the

"residual clause" is void for vagueness and unconstitutional.[2]  The residual clause

did not survive the prohibition of vague criminal laws, because the residual clause

left grave uncertainty about how to estimate the risk posed by a crime and left

uncertainty about how much risk it took for a crime to qualify as a violent felony.

Id. The decision applies to defendants, like Mr. Taylor, who have received an

increase in their statutory minimum and maximum punishment under the ACCA

based on the existence of a prior conviction determined to be a "violent felony"

under § 924(e)(2)(B)(ii).

The Johnson decision addressed only the residual clause and did not analyze

the "use of physical force" clause under §924(e)(2)(B)(i).  However, the

reasoning employed by the Court in striking down the residual clause can apply

equally to the application of the "use of physical force" clause in this case.  In

order to determine whether Taylor's conviction for robbery in the second degree

under KRS 515.030, qualifies as a violent felony under 924(e)(2)(B)(i), the it must

first be determined whether, under the categorical approach, whether the offense

requires, as an element of the use of physical force.

---

[2]The residual clause violated the Fifth Amendment's guarantee of due process since the indeterminacy of the wide-ranging inquiry required by the residual clause both denied fair notice to defendants and invited arbitrary enforcement by judges.

KRS 515.030 states that a defendant must use or threaten the use of "physical force" in order to accomplish a theft.  However, nothing in the statute indicates that the offense requires "violent force-that is, force capable of causing physical pain or injury to another person," as required in order for an offense to qualify as a violent felony. Johnson v. United States, 130 S.Ct. 1265, 1271 (2010).

In the instant case, like the residual clause analysis in Johnson, 2015 U.S.LEXIS 4251, a court addressing Mr. Taylor's second degree robbery convictions would have to determine whether the offense of robbery second degree involved "physical force" that could present a serious potential risk of physical injury to another. Id *10-13.  Like in Johnson, indeterminacy about how to measure the risk posed by second degree burglary in Kentucky, combines with indeterminacy about how much risk it takes for the crime to qualify as a "violent felony" under § 924(e)(2)(B)(i).

Accordingly, it is impossible to determine by reference to the KRS 515.030 Kentucky statute whether or not the offense qualifies as a violent felony under the "use of force" clause.  Therefore, the application of the "use of force" clause in this case is unpredictable and arbitrary, violates due process, and requires that Taylor's sentence be vacated. See, Johnson, 2015 U.S.LEXIS 4251 at *12-13.

**C.   Because Taylor Entered an Alford Plea, it is Impossible to Determine Whether the Two Second Degree Robbery Offenses Included an Element of "Purposeful and Violent" Force as Required by the Supreme Court, and Therefore those Offenses Cannot Qualify as a "Violent Felony" Under the ACCA.**

Taylor has argued that his two prior robbery in the second degree convictions do not qualify as crime of violence, and therefore, he is not subject to the ACCA enhancement.

KRS 515.030, provides that

> "(1) A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft."

The Government claims that this offense qualifies as a violent felony under the "use of physical force" clause, § 924(e)(2)(B)(i).  However, as discussed above in Argument II, the application of the "use of force" clause in this case is unpredictable and arbitrary, violates due process, and presents the same problems as the "residual" or "otherwise" clause. See, Johnson, 2015 U.S.LEXIS 4251 at *12-13.  And, even if Johnson does not affect the analysis of the "use of physical force" clause, it is impossible to determine under the categorical approach whether the robbery convictions in question qualify.

Courts are to apply a categorical approach in determining whether a prior

9

conviction qualifies as a crime of violence, meaning that the Court "look[s] at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." United States v. Johnson, 675 F.3d 1013, 1016 (6th Cir. 2012) (quoting United States v. Ford, 560 F.3d 420, 421-22 (6th Cir. 2009)). "Under the categorical approach, an offense constitutes a crime of violence "only if its elements are such that we can conclude that a person convicted of the offense has 'necessarily' been found guilty of conduct that meets the [§ 4B1.2(a)] definition." United States v. Ramos-Gonzáles, 775 F.3d 483, 504 (1st Cir. 2015) (quoting United States v. Martinez, 762 F.3d 127, 133 (1st Cir. 2014)) (quotation marks omitted).

"Courts use 'a variant of this method—labeled the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute,"' which 'sets out one or more elements of the offense in the alternative.'" Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013)). This modified categorical approach is applicable only where the statute at issue "could be violated in a way that would constitute a [violent felony] and in a way that would not." United States v. Rede-Mendez, 680 F.3d 552, 556 (6th Cir. 2012)).

In this case, the Kentucky second degree robbery statute is not a divisible statute. Therefore, this Court is limited to the categorical approach. See,

Descamps, 133 S. Ct. at 2281.

The Order on the Plea of Guilty for the second degree robbery convictions (See, Doc. 46-1; Page ID # 234) demonstrates that Taylor entered an Alford plea to two counts of robbery in the second degree, in violation of KRS 515.030.  This is important because "[t]he distinguishing  feature of an Alford plea is that the defendant does not confirm that factual basis.  In other words, the defendant is not necessarily convicted of those facts." United States v. McMurray, 653 F.3d 367, 381 (6th Cir. 2011) (citation omitted) (internal quotation marks omitted). Therefore, convictions based on Alford-type pleas can be predicate convictions under the ACCA only "if the qualifying crime is inherent in the fact of the prior conviction—i.e., if the statute of conviction is categorically a 'violent felony' . . . ." Id. In McMurray, the Sixth Circuit concluded that the offense of aggravated-assault in Tennessee is not categorically a "violent felony" and, because the defendant had entered an Alford plea to the offense, "we cannot determine from the available Shepard documents the nature of McMurray's conviction. Accordingly, McMurray's 1993 aggravated-assault conviction does not qualify as a "violent felony" under the ACCA." 653 F.3d at 382.  Therefore, the court vacated the judgment and remanded the case for resentencing.

A similar result should occur here. Under Descamps, it is impossible to

11

determine by referencing the indictment and plea agreement whether Taylor's second degree robbery offensees involved the type of "violent force-that is, force capable of causing physical pain or injury to another person," that could satisfy the "use of physical force" clause under § 924(e)(2)(B)(i). See, <u>Johnson v. United States</u>, 130 S.Ct. 1265, 1271 (2010).  See also, <u>Samas v. United States</u>, No. 3:10-CV-422 JCH, 2011 U.S. Dist. LEXIS 5671, at *5-*12, 2011 WL 221866 (D. Conn. Jan. 19, 2011) (ordering resentencing where government could not demonstrate that petitioner's prior narcotics conviction under Connecticut law, which resulted from <u>Alford</u> plea, qualified as "felony drug offense" for purposes of triggering heightened mandatory minimum sentence).

In sum, KRS 515.030 includes as an element "uses or threatens the immediate use of physical force."  However, the statute does not define "physical force" to include "purposeful and violent" force as required under  <u>Johnson v. United States</u>, 130 S.Ct. 1265, 1271 (2010).  Therefore, the offense is not categorically a violent felony under § 924(e)(2)(B)(i).  Because Taylor does not qualify under the ACCA, his sentence should be vacated so that a new sentence may be imposed.

**III.    Conclusion**

Petitioner respectfully requests that this Court consider the arguments

presented above in addition to those provided in his § 2255 motion and reply to

the Government's response.  Petitioner submits that his sentence is unlawful and

requests that this Court vacate his sentence and impose a new sentence void of the

ACCA enhancement.

> Respectfully submitted,
>
> Robinson & Brandt, PSC
>
> /s/ Matthew M. Robinson
> Matthew M. Robinson, Esq.
> 629 Main Street, Suite B
> Covington, KY 41011
> 859-581-7777 phone
> 859-581-5777 fax
> mrobinson@robinsonbrandt.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the foregoing

notice with the clerk of the court by using the CM/ECF system, constituting

service upon Assistant United States Attorney, Candace G. Hill, 717 W.

Broadway, Louisville, KY 40202.

> /s/ Matthew M. Robinson
> Matthew M. Robinson, Esq.
> 629 Main Street, Suite B
> Covington, KY 41011
> 859-581-7777 phone
> 859-581-5777 fax
> mrobinson@robinsonbrandt.com